IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL KEITH MITCHELL #482740, ) <br> ) <br> Plaintiff, ) <br> ) No. 3:24-cv-01352 <br> v. ) <br> ) JUDGE RICHARDSON <br> f/n/u l/n/u *Assistant Commissioner of* ) MAGISTRATE JUDGE FRENSLEY <br> *Prisons*, et al., ) <br> ) <br> Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael Keith Mitchell, an inmate of the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, filed a pro se, in forma pauperis complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

Mitchell also has filed three Motions to Ascertain Status of Case (Doc. Nos. 9, 10, 11). Those motions are **GRANTED** insofar as the Court herein undertakes the screening of the complaint required by the Prison Litigation Reform Act ("PLRA").

### I. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Section 1983 Standard

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### B. Facts Alleged in the Amended Complaint

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that Plaintiff has suffered "astonishing weight loss" due to a lack of nutritious meals or tampering with his food trays while incarcerated at RMSI. (Doc. No. 1 at 2).

His weight has dropped from 210 pounds on December 27, 2023, to 147 pounds on September 9, 2024.

Plaintiff has been ordered to engage in weekly weight checks to monitor his weight loss, but Plaintiff believes blood and urine tests should have been ordered as well as body measurements, strength tests, therapeutic nutrition, and a diet consultation. Plaintiff has filed numerous grievances regarding his concerns. He alleges that no weight checks have occurred, and he "becomes short-winded from time-to-time showering or folding class [as well as] dizzy very easily if moving very swiftly." (*Id*. at 7). He also has "pains in arms." (*Id*.)

On September 9, 2024, Plaintiff was told by Dr. Dwazo Madubueze that his diagnosis was "what sounds like nerve trauma." (*Id*. at 8).

### C. Analysis

The complaint names three individuals as Defendants: f/n/u l/n/u Assistant Commissioner of Prisons ("Assistant Commissioner"); RMSI Warden Kenneth Nelson; and Healthcare Supervisor/Services Administrator Kyla Solomon. Plaintiff names these individuals in their individual capacities and "official [capacities], as applies with law in accord with judges' discretion." (Doc. No. 1 at 1-2).

The Court will begin with the Assistant Commissioner of Prisons and the Warden. Plaintiff's claims against those Defendants appear to be based on two things: (1) Defendants' responses or lack of responses to Plaintiff's grievances and (2) John/Jane Doe's role as Assistant Commissioner of Prisons and Nelson's role as Warden.

First, Plaintiff alleges that the Assistant Commissioner and Warden were aware of Plaintiff's need for medical care and ignored that need by failing to arrange Plaintiff's desired treatment after becoming aware of Plaintiff's grievances. (*See, e.g.*, Doc. No. 1 at 3) ("On 8-15-

3

24, the Assistant Commissioner of Prisons . . . . signed TN Dept. of Corrections MEMO Page that agrees with/concurs with current response, in which almost nothing is being done at all") (On 7-30-24 Warden Kenneth Nelson signed TDOC Inmate Grievance Response, agreeing with proposed response and noting the 'action taken' as 'weekly medical checks have already been ordered' in which again almost nothing is being done at all"). But "failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for Section 1983 liability." *Fields v. Trinity Food Service,* No. 17-1190-JDT-cgc, 2019 WL 5268565, at *11 (W.D. Tenn. Oct. 17, 2019); *see also King v. Batts*, No. 1:24-CV-00024, 2024 WL 2412289, at *5 (M.D. Tenn. May 23, 2024) (citing *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.")).

To the extent that Plaintiff is attempting to hold the Warden and the Assistant Commissioner liable for the conduct of subordinates, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a Section 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted). Here, the complaint does not allege that the Warden or Assistant Commissioner encouraged any instance of misconduct related to Plaintiff or was otherwise directly involved in it. Neither does the complaint allege that Warden or Assistant

4

Commissioner "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of a subordinate. *Id*. Because the complaint does not allege that the Warden or Assistant Commissioner was directly responsible for any of the alleged violations of Plaintiff's rights, the claims against those Defendants in their individual capacities must be dismissed.

The Court moves now to Plaintiff's official capacity claims against the Warden and Assistant Commissioner. Such claims are equivalent to claims against the entity that employs the Warden and Assistant Commissioner, in this case the Tennessee Department of Correction ("TDOC"). *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). "TDOC is an arm of the state of Tennessee for purposes of Eleventh Amendment immunity." *Primm v. Tenn. Dep't of Corr.*, No. 3:15-cv-00230, 2017 WL 1210066, at *5 (M.D. Tenn. Mar. 31, 2017) (citing *Owens v. O'Toole*, No. 3:14-cv-02040, 2014 WL 5846733, at *3 (M.D. Tenn. Nov. 12, 2014)). Sovereign immunity therefore applies. *See, e.g., Carter v. Bell*, No. 3:10-0058, 2010 WL 3491160, at *4 (M.D. Tenn. Sept. 1, 2010) (holding that the Riverbend Warden "as an employee of [TDOC], represents the State of Tennessee"); *Arauz v. Bell*, No. 3:06-0901, 2007 WL 2457474, at *2 (M.D. Tenn. Aug. 24, 2007) (adopting report and recommendation holding that Riverbend employees are "employees of [TDOC]"). Tennessee's sovereign immunity protects TDOC from official capacity claims for money damages. *Jones v. Mays*, No. 3:19-cv-00795, 2020 WL 5106760, at *5 (M.D. Tenn. Aug. 31, 2020). Thus, these Defendants are immune from Plaintiff's claims for money damages.

However, Plaintiff also seeks injunctive relief from these Defendants. (Doc. No. 1 at 8). "[D]emands for injunctive relief are properly brought against a TDOC official in his official capacity." *Hall v. Trump*, No. 3:19-cv-00628, 2020 WL 1061885, at *2 (M.D. Tenn. Mar. 5, 2020)

5

(citing *Will*, 491 U.S. at 71 n.10). The Court thus considers whether Plaintiff has properly stated such a claim.

Under Section 1983, the state of Tennessee cannot be held liable for injunctive relief under a theory of respondeat superior or vicarious liability. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Rather, a plaintiff must allege: (1) that he or she suffered a constitutional violation; and (2) that a policy or custom of TDOC or the state of Tennessee directly caused the violation. *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. 658, 690-92). Here, Plaintiff does not attribute his alleged harms to any particular TDOC or Tennessee policy. The complaint contains no allegations regarding any TDOC policy being a moving force behind any alleged injury to Plaintiff. In fact, the factual allegations of the complaint do not mention TDOC policies at all. Accordingly, Plaintiff's official capacity claims for injunctive relief against the Warden and the Assistant Commissioner, which are claims against the State of Tennessee, will be dismissed for failure to state a Section 1983 claim upon which relief can be granted.

The Court now moves to Plaintiff's Section 1983 claims against Healthcare Supervisor/Services Administrator Kyla Solomon. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' towards the inmate's serious medical needs." *Berkshire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). An Eighth Amendment deliberate indifference claim against an individual actor has objective and subjective components. *Farmer*, 511 U.S. 825, 834; *Blackmore,* 390 F.3d 890, 895. The objective component requires showing "the existence of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. 294, 298). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897. Liberally construing the pro se complaint, Plaintiff alleges that his rapid weight loss constitutes a sufficiently serious medical need.

Even treating, for purposes of this screening, Plaintiff's rapid weight loss as a sufficiently serious medical need, Plaintiff's Section 1983 claim against Defendant Solomon in her individual capacity nevertheless fails as a matter of law because the complaint does not allege that Solomon acted with deliberate indifference to Plaintiff's serious medical need. "The subjective component requires a plaintiff to show that 'each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate it.'" *Greene v. Crawford Cnty, Mich.*, 22 F.4th 593, 605-06 (6th Cir. Jan. 4, 2022) (quoting *Griffith v. Franklin Cnty, Ky.*, 975 F.3d 554, 568 (6th Cir. Sept. 21, 2020)). This showing "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, and is instead "equivalent to criminal recklessness[,]" *Greene*, 22 F.4th at 606 (quoting *Griffith*, 975 F.3d at 568).

The complaint alleges that Solomon should have known from Plaintiff's grievances detailing his weight loss that he was in pain and needed medical care beyond the ordered weekly weight checks. According to Plaintiff, he needed blood and urine tests as well as body measurements, strength tests, therapeutic nutrition, and a diet consultation. On July 15, 2024, Solomon responded to one of Plaintiff's grievances, noting, "Mr. Mitchell, You have been ordered weekly weight checks. Please complete those so we can monitor. Diet/supplementation can only be considered with a nutritional consult. Weight checks are a part of that consult work up." (Doc. No. 1 at 3). Thus, the record shows that Solomon provided some treatment to Plaintiff.

A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Although Plaintiff believes that he should have received different or additional treatment beyond weekly weight checks in preparation for a nutrition consult, his belief does not state a federal constitutional claim. Further, Plaintiff's allegations of negligence and/or medical malpractice do not support constitutional liability under Section 1983. *Estelle*, 429 U.S. at 105-06. Thus, the complaint does not state a colorable deliberate indifference claim under Section 1983 against Defendant Solomon in her individual capacity.

Finally, the Court considers Plaintiff's Section 1983 claim against Defendant Solomon in her official capacity. The complaint alleges that Solomon is an employee of "Health/SVC; Corizon Healthcare; Centurion Medical Services." (Doc. No. 1 at 2). For purposes of this screening, the Court will refer to Solomon's employer as "Corizon/Centurion" as the precise name of the entity responsible for providing medical care to RMSI inmates is unclear from the complaint. Because Corizon/Centurion performs a traditional state function in providing medical care to state inmates, Corizon/Centurion acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). For Corizon/Centurion to be liable under Section 1983, Plaintiff must allege that there is a direct causal link between a policy or custom of Corizon/Centurion and the alleged constitutional violation. *See Monell,* 436 U.S. 658, 691. In other words, Corizon/Centurion may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*,

8

Case 3:24-cv-01352   Document 12   Filed 12/11/25   Page 8 of 10 PageID #: 114

No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Corizon/Centurion liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818. Liability attaches only if Corizon/Centurion's policies are shown to be the "moving force" behind Plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 353-64 (6th Cir. 1993).

Here, however, the complaint does not describe how a Corizon/Centurian policy is responsible in full or in part for Plaintiff's injury. Therefore, for purposes of the initial screening of Plaintiff's official capacity claims against Defendant Solomon, which are claims against Corizon/Centurion, the complaint fails to state Section 1983 claims upon which relief may be granted.

## IV. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the allegations of the complaint fail to state claims upon which relief can be granted via Section 1983 against all Defendants. Accordingly, this action is therefore **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE